BLUTHENTHAL *v.* BIGBIE.

---

TRADEMARKS; PARTNERSHIP; SALES.

1. In a trademark interference proceeding, the party last to make application has the burden of showing prior adoption and use of the trademark.

2. If a partner acquires an interest in a trademark through its use during his membership in the firm, it ceases upon his withdrawal, in the absence of an agreement to the contrary, and remains with the partner who continues to conduct the business. (Following *Giles Remedy Co.* v. *Giles,* 26 App. D. C. 375.)

3. A sale by the surviving member of a partnership, of the partnership stock in trade, good will, a formula for making whisky, and stencils used for marking barrels and kegs with the trademark name of the brand of whisky made by the firm, carries with it the right to use the trademark.

No. 421. Patent Appeals. Submitted May 22, 1907. Decided June 4, 1907.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference proceeding.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Joseph L. Atkins* for the appellants.

*Mr. Edward T. Fenwick* and *Mr. S. V. Kemp* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an interference proceeding involving the right to the registration of the words "Old Velvet" as a trademark used in the manufacture and sale of whisky. Appellants, Bluthenthal and Bickart, filed April 4, and appellees, Bigbie Brothers & Company, April 19, 1905. J. & G. Butler Company was also a party, but took no appeal from the final decision of the Commissioner.

The Examiner of Interferences decided in favor of Bigbie Brothers & Company, as against the other contestants, and his decision was affirmed by the Commissioner. There is no occasion to review the evidence, as that has been done with care and at length, in both of the decisions referred to. Upon examina-

tion of the entire evidence, we are convinced of the soundness
of the Commissioner's conclusions. As the appellees, being the
last to make application, had the burden of showing prior adop-
tion and use of the trademark, we deem it important only to
make a brief statement of the facts which we think their evi-
dence clearly establishes. It appears that one Joseph Lawson
was engaged in the sale of liquor in Lynchburg, Virginia, prior
to 1861, and that he resumed said business in 1865 or 1866.
During the time between then and February 19, 1887, the exact
date of which is unimportant, he made or compounded an arti-
cle of rye whisky which he labeled and sold as "Old Velvet."
He went into partnership with one Kinnear, under the firm
name of Lawson & Kinnear. Kinnear retired and was succeed-
ed by the son of Lawson, and the firm name became Joseph
Lawson & Son. The son retired or died before February 19,
1887. The several partnerships sold Old Velvet Whisky at
retail and wholesale, and the brand seems to have been well
known. They used a stencil with which the brand was placed
on the heads of barrels and kegs. On February 19, 1887,
Joseph Lawson as surviving partner sold the entire stock of
liquors to Bigbie Brothers & Company, and leased the premises,
which belonged to him alone, to them. He transferred the good
will, and turned over to them not only the stock on hand, but
also the stencils, including Old Velvet, and the formula for
making it. The purchasers continued the business as success-
ors to Joseph Lawson & Son. They used the stencil on barrels
and kegs, and also procured a large number of labels containing
the words "Old Velvet," which they applied to bottles contain-
ing whisky made after the formula therefor. Whisky, in bar-
rels and bottles so branded and labeled, was sold continuously
thereafter, and shipped to purchasers in Virginia and other
States. "Old Velvet" was intended to be used as a trademark,
and the brand was well known to customers. The earliest date
of adoption and use claimed by appellants is February 18, 1888,
Whether the date so early is established by the evidence it is
immaterial to consider, as the one claimed is later than that es-
tablished by the appellees.

The testimony rather indicates that the trademark was the separate property of Lawson. But if the first retiring partner had an interest in it also, through its use during his membership on the firm, it ceased upon his withdrawal, and remained with Lawson, who continued to conduct the business at the same place and in the same way. *Giles Remedy Co.* v. *Giles,* 26 App. D. C. 375, 382. At any rate, the retiring partner does not appear to have asserted any interest thereafter. Assuming, also, that Joseph Lawson's son acquired an interest in the use of the trademark upon his accession to the partnership, whatever interest he may have taken passed by the sale and transfer made by the surviving partner to the appellees.

In our opinion the decision was right, and it will therefore be affirmed. This decision will be certified to the Commissioner of Patents as required by the law.                    *Affirmed.*